UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERT HAZELQUIST, ) | |
|  ) | CASE NO. C04-0316RSM |
| Plaintiff, ) | |
|  ) | ORDER OF DISMISSAL |
| v. ) | |
|  ) | |
| GUCHI MOOCHI TACKLE, CO., *et al.*, ) | |
|  ) | |
| Defendants. ) | |
| _____) | |

On April 25, 2005, in response to this Court's previous Order Clarifying Case Status and Lifting the Bankruptcy Stay, defendant Ken Yamaguchi filed a copy of his notice of bankruptcy discharge. (Dkt. #45). It appeared from the notice that the instant case was included in the debts and liabilities subject to discharge. Accordingly, the Court ordered plaintiff to show cause why this case should not be dismissed pursuant to the bankruptcy discharge. (Dkt. #46).

On May 10, 2005, plaintiff responded to the Court's Order. Plaintiff requests that the Court decline to dismiss the case because defendant Ken Yamaguchi has admitted that he continues to sell the allegedly infringing fishing lure, albeit through a new sole proprietorship with a different name. (Dkt. #47).

Having reviewed the record in this case, along with plaintiff's response and defendant's letters to this Court, the Court hereby finds and ORDERS:

(1) Pursuant to the discharge of this case in the United States Bankruptcy Court of the Western District of Washington, and as more fully explained below, plaintiff's claims against defendants are DISMISSED, and this case is CLOSED.

ORDER OF DISMISSAL
PAGE - 1

The discharge of any debt in Chapter 7 bankruptcy proceedings serves to lift the automatic bankruptcy stay; however, once a debtor receives a discharge the stay is replaced by a permanent injunction under § 524(a) which "operates . . . against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2).[1] Although, plaintiff argues that his case should be allowed to continue in this Court because plaintiff admits to continuing the sales of his allegedly infringing fishing lure, he provides no legal authority for that argument. Indeed, plaintiff does not address the general rule with any legal authority that after a debtor receives a discharge, a creditor cannot seek to recover a discharged debt from the debtor. *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019 (8th Cir. 2002). Accordingly, the Court is not convinced that it should allow plaintiff to continue this litigation.

If plaintiff believes that his claims should not have been discharged, or that the discharge should be revoked, 11 U.S.C. § 727 provides a remedy and procedure for such action. However, that is a matter that cannot be addressed by this Court.

(2) The Clerk shall forward a copy of this Order to defendants, and to plaintiff's counsel.

DATED this 20th day of May, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Discharge in bankruptcy discharges "debts," which is defined as liability on a claim. Contingent claims can also constitute "debt," and may be discharged in bankruptcy. There is no dispute that plaintiff's patent infringement claims were considered debt, and were discharged by the bankruptcy court.

ORDER OF DISMISSAL
PAGE - 2