UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALBERT HAZELQUIST,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUCHI MOOCHIE TACKLE COMPANY,<br>and KEN YAMAGUCHI,<br><br>　　　　Defendants. | CASE NO.  C04-0316RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

　　　　This matter comes before the Court on plaintiff's Motion for Reconsideration.  (Dkt. #52).  Plaintiff asks this Court to reconsider its previous Order dismissing plaintiff's case by finding that his claims must be dismissed pursuant to defendant Ken Yamaguchi's bankruptcy discharge.  Plaintiff argues that, in so ruling, the Court committed manifest error because defendant's continuing alleged patent violations have not been discharged, and should not serve as a basis for dismissal of the instant case.

　　　　Having reviewed plaintiff's motion (Dkt. #52),  and the remainder of the record, this Court hereby finds and ORDERS:

　　　　(1) Plaintiff's Motion for Reconsideration (Dkt. #52) is DENIED.  By local rule, motions for reconsideration are disfavored, and the Court will ordinarily deny such a motion in the absence of "a showing of new facts or legal authority which could not have been brought to

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 1

its attention earlier with reasonable diligence." W.D. Wash. Local Rule CR 7(h). In his motion for reconsideration, plaintiff essentially reiterates the argument that he presented to this Court in his previous response to the Court's Order to Show Cause, namely, that plaintiff admits that he has continued to sell the allegedly infringing fishing lures, and therefore, the instant case should not be dismissed. However, in his previous response, plaintiff failed to cite to any case law in support of his position. Rather, he relied on the general bankruptcy discharge statute, and the statutes pertaining to the merits of his patent infringement claims. (Dkt. #47). In making its previous decision, the Court fully considered plaintiff's response, and determined that:

> Although, plaintiff argues that his case should be allowed to continue in this Court because plaintiff admits to continuing the sales of his allegedly infringing fishing lure, he provides no legal authority for that argument. Indeed, plaintiff does not address the general rule with any legal authority that after a debtor receives a discharge, a creditor cannot seek to recover a discharged debt from the debtor. *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019 (8th Cir. 2002). Accordingly, the Court is not convinced that it should allow plaintiff to continue this litigation.

(Dkt. #47 at 2).

While plaintiff now attempts to introduce such supporting legal authority through his motion for reconsideration, he offers no reason why that authority "could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Rule CR 7(h). Accordingly, the Court declines to reconsider its previous Order.

(2) The Clerk shall forward a copy of this Order to all counsel of record, and to the defendants.

DATED this __8th__ day of June, 2005.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION
PAGE - 2